SANDERS, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF CITY OF SIOUX FALLS et al., Respondents.

(150 N. W. 473.)

(File No. 3620.   Opinion filed January 11, 1915.)

1.  Schools—Independent School Districts—Bond Election—Hours of Voting—Special Statute—General Amendatory Act—Construction.

    Educational Code 1907 (Laws 1907, Ch. 135), Art. 9, providing for bond elections for school purposes, and requiring, at such elections, polls to be kept open from 2 o'clock P. M. to 6 o'clock P. M., is a special act governing cities of the first and second classes, and is controlling as to bond issues therein, and is not amended by Laws 1911, Ch. 133, requiring polls

to be kept open at bond elections from 12 M. to 5 P. M., and amending Educational Code, Art. 11, which latter act contains general provisions relating to all school districts, including those referred to in Art. 9, and to bond elections; since, if the Legislature had intended to amend Art. 9 by Ch. 133, Laws 1911, it is not reasonable to suppose the same Legislature would have enacted Ch. 139, Laws 1911, directly amending certain sections of Art. 9.

2. **Same—Bond Elections—Statute—Repeal.**

Educational Code (Laws 1907, Ch. 135), Art. 9, Sec. 164, governing bond elections for school purposes in cities of the first class, is not repealed by Laws 1913, Ch. 119, making such cities independent school districts, since it does not provide for calling election for issuing of bonds in independent districts of either class, and does not, directly or by implication, repeal any existing law upon that subject.

3. **Statutes—Independent School Districts—"Municipal Corporations"—Classification of Cities—Constitutional Provision.**

Laws 1911, Ch. 139, amending Laws 1907, Ch. 135, Art. 9, Secs. 161, 162, authorizing an issue of bonds by boards of education of independent school districts in cities of first class, and "cities under commission" having a population of 10,000, **held**, not to violate Const. Art. 10, Sec. 1, requiring general laws for organization and classification of municipal corporations, and providing that the number of such classes shall not exceed four, and, in substance, that the powers and restrictions of each class shall be uniform; since, if it be conceded that said Ch. 139 in effect creates more than four classes of school corporations, and that bond election laws are not uniform as to each class, yet, **held**, further, that school corporations, although they are public corporations, are not "municipal corporations," within the meaning of said constitutional provision; that term being used in the Constitution, in its strict and proper sense, to designate the body politic and corporate, constituted by the incorporation of the inhabitants of the city or town for the purposes of local government thereof.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Edmund Sanders against the Independent School District of the City of Sioux Falls, and others, to test the validity of the school bond election. From a judgment for defendants, plaintiff appeals. Affirmed.

*Bailey & Voorhees,* for Appellant.

*Aikens & Judge,* for Respondents.

(1) Under point one of the opinion, Appellant submitted that: Laws 1911, Ch. 133, repealed Educational Code, Laws 1907, Ch. 135.

Respondent submitted the contrary; citing People v. Marquiss, (Ill.) 61 N. E. 352; Sections 274, 278, Lewis' Sutherland Statutory Construction; People v. Butler St. Foundry & Iron Co., Co., (Ill.) 66 N. E. 349.

(3) Under point three of the opinion, Appellant submitted that: Laws 1911, Ch. 139, and Laws 1913, Ch. 119, are unconstitutional, being violative of Sec. 1, Art. 10, Const.

Respondent submitted that: Const. Art. 10, Sec. 1, in using the term ,"municipal corporations," embraces only cities, towns and villages; does not embrace public school corporations; and cited: Const. Art. 9, Secs. 1 and 4; Art. 11, Secs. 5 and 6.

SMITH, P. J. Appellant assigns as error an order sustaining a demurrer to the amended complaint. Plaintiff brings the action as a taxpayer of the city of Sioux Falls, on behalf of himself and others similarly situated who may join in the proceedings and contribute to the expenses thereof. The action is against the Independent School District of Sioux Falls, continuing as an independent school district under chapter 119, Laws of 1913, and is to test the validity of an election held on the 10th day of February, 1914, to vote upon the issuance of school bonds aggregating $182,000. A majority of the electors voted in favor of the issuance of the bonds. The proceedings of the board of education are set forth in full in the amended complaint. The irregularity relied upon by appellant is that the published notice of election provided that the polls be open from 2 o'clock until 6 o'clck in the afternoon of the election day, and that the polls were in fact kept open between those hours and no longer. The contention is that this is a violation of statute law in bond elections, and invalidates the election.

Appellant's brief contains an interesting review of legislation amending the Educational Code of 1907, at each legislative session, from 1907 to 1913. The final conclusion and contention is that there are now three statutes governing the holding of elections in independent school districts, in cities under commission.

[1] Article 9 of the Educational Code of 1907 (chapter 135, Laws 1907) contains provisions exclusively governing bond elec-

tions for school purposes in cities of the first class.   That article requires that at such elections the polls be kept open from 2 o'clock p. m. until 6 o'clock p. m. (Section 164.)   It is appellant's contention that chapter 133, Laws of 1911, is a general act governing the holding of bond elections in all independent school districts, and repeals section 164 of article 9.   Chapter 133 requires that the polls be kept open from 12 m. to 5 p. m., and if held to apply, the polls at the bond election should have been kept open from 12 m. until 5 p. m.   Sioux Falls was a city of, the first class, and is now a city under commission, having more than 10,000 population.   By chapter 185, Laws 1913, amending chapter 139, Laws 1911, which amended section 161, article 9, Educational Code, the board of education of Sioux Falls is directly brought within the provisions of article 9 of that Code.   Under article 9, as amended, proceedings for the issuance of bonds by boards of education in cities under commission having more than 10,000 population are thus made exclusive and independent of all other election proceedings.   Article 11 of the Educational Code is an enactment containing general provisions relating to school districts, including districts referred to in artlcie 9, and including provisions as to bond elections; but article 9 is a special act relating to the issuance of bonds in districts comprising only two classes of cities, and is therefore controlling as to bond issues in such districts.   While chapter 133, Laws of 1911, clearly amends article 11, it seems plain that it was not the legislative intention by that act to amend article 9, which relates only to the two classes of cities named therein.   If the Legislature had intended to amend article 9 by chapter 133, Laws of 1911, it does not seem reasonable to suppose that the same Legislature would have enacted chapter 139, directly amending certain sections of article 9. We think it clear, therefore, that chapter 133 was not intended to amend, and does not amend, article 9.

[2] Appellant further contends that section 164, article 9, of the Educational Code is repealed by chapter 119, Laws of 1913, which provides for the incorporation of cities under commission.   Section 124.

"Every city organized under the provisions of this act shall constitute an independent school district, and as such independent school district, shall be a body corporate.   Such independent

school district shall be deemed to be a continuation of the independent school district constituted by said city prior to the organization of said city under this act, and the making of such change of organization shall not be construed to effect a change in the legal identity as a corporate body of such independent school district. Such independent school district shall be governed by the laws of South Dakota applicable to independent school districts, excepting as herein otherwise provided."

This act contains no provisions relating to the calling of elections for or the issuing of bonds in independent districts of either class, and does not directly or by implication repeal any existing law on that subject.

[3] Appellant's counsel call attention to chapter 139, Laws of 1911, amending sections 161, 162, article 9 (chapter 135, Laws 1907), which provides that:

"Boards of education of independent school districts in all cities of the first class and in all 'cities under commission' having a population of 10,000 or over by the last preceding federal or state census are hereby authorized and empowered to issue negotiable bonds in the manner hereinafter provided, for the following purposes," etc.

—and suggest that this enactment violates section 1, art. 10, of the Constitution, which reads:

"The Legislature shall provide by general laws for the organization and classification of municipal corporations. The number of such classes shall not exceed four, and the powers of each class shall be defined by general laws, so that no such corporations shall have any powers, or be subject to any restrictions other than those of all corporations of the same class. * * *"

Appellant's contention suggests the somewhat anomalous condition of two "municipal corporations," one within the other, those in cities of the first class having identical territorial limits, the other embracing also "adjacent territory." Clearly this constitutional restriction has no application in this case, unless independent school districts are deemed "municipal corporations" within the meaning and intent of section 1, art. 10. While the territorial limits of a school corporation may be defined by and be identical with the territorial limits of the city, the two corporations are, in a legal sense, distinct, each performing the func-

tions and exercising the powers conferred by the law of its creation. If it be conceded that chapter 139, Laws 1911, has the effect of creating more than four distinct classes of school corporations, and that the bond election laws are not uniform as to each class, it does not necessarily follow that it violates the constitutional restriction referred to, unless it also be conceded that independent school districts are "municipal corporations" within the purpose and intent of section 1 of that article. The construction to be given the term "municipal corporation," as used in this section, involves a consideration of the general purpose of this article of the Constitution as related to political forms of local government. Burrill's Law Dictionary defines the term "Municipal Corporations" as:

"A public corporation; a corporation created by government for political purposes, and having subordinate legislative powers, to be exercised for local purposes, such as a county, city, town or village." City of Philadelphia v. Fox, 64 Pa. 169, 180.

The power of local self-government is a distinctive feature and a distinguishing feature of a municipal corporation proper. 1 Dillon, Munic. Corp. § 20. A subordinate branch of the government of the state. State v. Douglas Co., Com'rs, 47 Neb. 428, 66 N. W. 434; Treadway v. Schnauber, 1 Dak. 236, 46 N. W. 464. An incorporated school district or county, as well as a city, is a public corporation; but a school district or a county is not, while a city is, a municipal corporation. Brown v. Board of Education, 108 Ky. 783, 57 S. W. 612. School districts are special agents in the administration of civil government, and their corporate attributes are to enable them more readily to perform their public duties. Municipal corporations, properly speaking, only include cities, towns, an villages, and do not embrace school districts. Freeland v. Stillman, 49 Kan. 197, 30 Pac. 235; Heller v. Stremmel, 52 Mo. 309. One of the essential distinctions between municipal corporations proper and other public corporations is discussed in 1 Abbott, Munic. Corp. § 36. Id. § 7:

"A municipal corporation has been defined by Judge Dillon, as 'the incorporation by the authority of the government, of the inhabitants of a particular place or district, and authorizing them in their corporate capacity to exercise subordinate, specified powers of legislation and regulation with respect to their local and

internal concerns. This power of local government is the distinctive purpose and the distinguishing feature of a municipal corporation proper.' "

In this provision of the Constitution · we think the term "municipal corporation" is used, in its strict and proper sense, to designate the body politic and corporate, constituted by the incorporation of the inhabitants of the city or town for the purposes of local government thereof. Municipal corporations in this sense are bodies politic and corporate, established as agencies of the state to assist in civil government, chiefly to regulate and administer the local and internal affairs of the municipality. We recognize the fact that the term "municipal corporation," in connection with different subject-matter, is also used in a broader sense, which includes public or quasi public corporations. The latter class of corporations, however, do not possess police powers properly belonging to cities, towns, and municipal bodies exercising local and governmental functions. We think the term is used in the former and not in the latter sense, in section 1, art. 10, of the Constitution.

We are of opinion that the requirement of section 164 of article 9 of the Educational Code remains unchanged, and controls the opening and closing of the polls at bond elections called by boards of education in cities of the first class and in cities under commission having a population of 10,000 or over, and that the judgment of the trial court must be affirmed.