CASE 2—AGREED CASE—JUNE 14, 1894.

## City Council of Richmond et. al. v. Powell.

APPEAL FROM MADISON CIRCUIT COURT.

1. CONSTITUTIONAL CONSTRUCTION—MUNICIPAL INDEBTEDNESS FOR SCHOOL PURPOSES.—Under the provision of section 157 of the Constitution that "the tax rate of cities, towns, counties, taxing districts and other municipalities for other than school purposes shall not at any time exceed" certain rates, and the further provision therein that "no county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted in any manner, or for any purpose, to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof," a city can not become indebted for the purposes of education in an amount exceeding the income and revenue for the year, without the submission of the question to the voters and obtaining their assent before the obligation is created.

2. SAME.—The fact that the interest on this indebtedness, and the amount going to the sinking fund for the liquidation of the

*This case was only recently ordered to be officially reported.

principal is within the income or revenue for the year, does not prevent the application of the provisions of that section. It is an indebtedness assumed, although payable in installments, and is prohibited by the Constitution. (Beard v. City of Hopkinsville, 95 Ky., 239.)

P. H. SULLIVAN AND C. H. BRECK, FOR APPELLANT.

1. Under the provisions of sections 157 and 184 of our Constitution, it was manifestly the policy of the framers thereof to limit the creation of indebtedness by municipalities, districts, etc., for all purposes other than school purposes, and those limitations were intended to and did under section 157, relate exclusively to indebtedness contracted for municipal purposes, and did not apply to raising money for school purposes.

2. While the issual of twenty-two thousand dollars worth of bonds is in excess of the amount which could be raised by the levy of fifty cents on each one hundred dollars of taxable property in any one year in the city, it would not be an indebtedness in any year, or for any year, exceeding the income and revenue, provided for that year, or such year. The only annual indebtedness the city would thus incur would be the interest on the bonds, and whatever more it might be necessary to raise each year in order to constitute a sinking fund for their payment.

C. S. POWELL, FOR APPELLEE.

1. The proper and reasonable construction of section 157 of the Constitution is that the amount of taxes to be raised for school purposes is left discretionary with the Board of City Council, provided always that the amount of the tax to be so raised does not exceed fifty cents on the one hundred dollars in cities of the fourth class; but whenever a city is to become indebted "in any manner or for any purpose" in an amount exceeding the income and revenue for that year, the question must be submitted to the people.

JUDGE PRYOR   DELIVERED THE OPINION OF THE COURT:

The board of education of the city of Richmond and the city council leased a lot of ground for the purpose of erecting a public school building upon it, at a cost of about $22,000. The mode of payment contemplated is in city bonds, paya-

ble in twenty years, but redeemable in five years, the interest to be paid annually, and a tax of thirteen cents levied for that purpose and to create a sinking fund, with which to pay the principal. The proceeding on the part of the board of education and the council is authorized by an act of the General Assembly for the government of cities and towns of the fourth class, found in Acts 1891-92 and '93. The levy for any one year for maintaining schools, constructing buildings, etc., is limited, or can not exceed fifty cents on each one hundred dollars of value of taxable property, etc.

After the ground had been leased and a contract entered into for the erection of the building, the appellee, a tax payer, is insisting that no such debt can be created by the council without a submission of the question to the popular vote, as required by section 157 of the Constitution and the court below so held, in which conclusion we concur.

That section provides that "The tax rate of cities, towns, counties, taxing districts and other municipalities, shall not, at any time, exceed the following rates," restricting the burden to be imposed for towns and cities having less that ten thousand population to seventy-five cents, on the hundred dollars, with this further provision: "No county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election, to be held for that purpose, and any indebtedness contracted in violation of this section shall be void. Nor

shall such contract be enforceable by the person with whom made, nor shall such municipality ever be authorized to assume the same."

The contention of the appellants is that this section of the Constitution applies alone to an indebtedness for strictly municipal purposes, and the qualification, "for other than school purposes," left the matter of taxation alone to the legislature when the means to be raised are to be applied solely to the purposes of education under our common school system.

If this construction is given the Constitution then, we find unlimited power in the legislature on this subject, and the city council when for school purposes may be vested with the power to impose any burden by way of taxation or indebtedness that in its discretion may be deemed necessary for maintaining schools and erecting buildings for that purpose.

While it is made the duty of the board of education and the council to provide suitable school buildings, they must regard the constitutional limit placed upon their action in creating a municipal indebtedness for that purpose, and the section of the Constitution quoted in express terms prohibits the creation of a municipal indebtedness "in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without first obtaining the assent of two-thirds of the voters of the municipality." The qualification "other than for school purposes" was inserted to leave that question to legislative control, but when the city council propose in any manner or for any purpose to create an indebtedness exceeding the in-

come or revenue for the year the wish of the voters must be consulted and their assent obtained before the obligation is created.

Schools must be maintained and school buildings erected, and it is the duty of those authorized by law to see that the provisions of the school law in this respect are carried out, and to first require the assent of the voters is one of the means required to enable those to whom that duty is confided to maintain schools, when the indebtedness about to be created exceeds the sum, the council would have the right to appropriate without regard to the voice of the people.

Nor does the fact that the interest on this indebtedness and the amount going to the sinking fund for the liquidation of the principal is within the income or revenue for each year, affect the question. It is an indebtedness assumed, although payable in installments, that exceeds the income and is prohibited in express terms by the Constitution.   If an indebtedness can be created for twenty-two thousand dollars, payable in twenty years, an indebtedness for half a million would be justified if this provision of the Constitution is construed as contended for by appellants.

The very purposes of the Constitution would be disregarded with such a construction and heavy burdens placed upon the property within the municipalities that caused much complaint prior to the adoption of the present Constitution, and to remove the mischief the section in question was adopted.

The judgment below is affirmed.