CASE 21—ACTION FOR TAXES—JANUARY 9.

# Commonwealth v. Louisville & Nashville R. R. Co.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—SEC. 4440 OF KENTUCKY STATUTES.—Section 4440 of the Kentucky Statutes authorizing the trustees of common school districts in certain contingencies to levy an ad valorem tax for four years for the purpose of purchasing a site or building a school-house is unconstitutional, in that it violates the provisions of Section 157 of the Constitution limiting the amount of indebtedness to be incurred to the income and revenue provided for the current year.

2. SAME.—The language "for other than school purposes" in first part of Sec. 157 of the Constitution, refers solely to the rate at which taxes may be levied for common school purposes.

J. S. SPRIGG, FOR APPELLANT.

1. School districts are not included in Sec 157 of the Constitution of Kentucky. The language in the last clause of the section "nor shall any municipality be authorized to assume the same" precludes the idea that school districts were to be included. The case of City of Richmond v. Powell, 16 Ky. Law Rep., 174, is not applicable to prove that school districts were included in the section because in that case the corporation imposing the taxation was a municipality and not a mere common school district.

2. The exception "for other than school purposes" applies as much to the amount of indebtedness in the latter part of Sec. 157, as it does to the tax rate of municipalities in the first part of said section where the exception is made. Am. & Eng. Ency. of Law, vol. 21, p. 779.

J. H. VANMETER, ALSO FOR APPELLANT.

1. It was error to hold that the words "for other than school purposes" related solely to the rate of taxation and not to the amount to be raised nor the time for which it was to run. Secs.

156 to 168 inclusive are found in the Constitution under the head of municipalities and the language used in those sections is such as is appropriate to municipalities and not to common school districts. The subject of education is provided for in a separate division under the heading "education." Section 183 provides "the General Assembly shall by appropriate legislation provide for an efficient system of common schools throughout the State."

2. Where there is a doubt about the constitutionality of a law the doubt must be resolved by the courts in favor of the law. Higgins v. Prather, 91 Ky., 6; Cooley's Const. Lims., 159.

W. H. MARRIOTT, FOR APPELLEE.     (H. W. BRUCE OF COUNSEL.)

1. By the provisions of Sec. 4463 of the Kentucky Statutes, the trustees of a common school district could not levy exceeding twenty-five cents on the hundred dollars' worth of taxable property in the district, and one dollar on the head of every male citizen residing in the district over 21 years of age. The income and revenue that might be provided in such a district for any one year could not, therefore, exceed this amount. Sec. 157 of the Constitution. In the absence of a valid constitutional enactment authorizing the taxation, the taxation itself is void. Cooley's Const. Lim., 519; Beard v. City of Hopkinsville, 15 Ky. Law Rep., 756; City of Richmond v. Powell, 16 Ky. Law Rep., 174.

2. A common school district is a taxing district within the meaning of Sec. 157. Henderson Bridge Co. v. City of Henderson, 18 Ky. Law Rep., 417; the Powell case, *supra;* Cooley on Taxation, 245.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The common school superintendent of Hardin county, by an order properly entered, condemned the school house in district No. 11 in that county, and directed the trustees of that district to provide a new school building. Pursuant to this order, the trustees, under the provisions of section 4440, Ky. Stat., levied a poll tax of $1 on each white male citizen over 21 years of age residing in the district, *for each of four consecutive years,* beginning October 1, 1894, and an *ad valorem* tax of 25 cents on each $100 worth

of taxable property in the district for the same period of time; the poll and property tax to be paid annually to the district treasurer, as provided by section 4443, Ky. Stat., to be used in paying for a new school house and its equipment, which they at once put under contract. The cost price of this building and equipment greatly exceeded the income and revenue provided for the school district for that year, and required for its payment the entire income and revenue collectible during the four succeeding years. The tax for 1894 was paid, but appellee, a taxpayer in the district, having refused to pay the tax for the year 1895, this action was instituted. Appellee demurred to the petition on the ground that the trustees were not authorized to incur the indebtedness for which the tax was levied, because it was in excess of the revenue provided for the district for that year. Its demurrer was sustained, and the petition dismissed, and from that judgment this appeal is prosecuted.

The proper determination of the question presented depends upon the construction given to section 157 of the Constitution, which provides: "The tax rate of cities, towns, counties, taxing districts and other municipalities, for other than school purposes, shall not, at any time, exceed the following rates upon the value of the taxable property therein, viz., [limiting the burden to be imposed according to the grade of the city]. No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such

contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same."

Appellant contends: First, that, by the insertion of the words "for other than school purposes" in the first part of this section, it was intended to exempt all taxes levied for the benefit of common schools from the limitations and restrictions imposed therein upon every form of municipal indebtedness, and to leave to the discretion of the Legislature the power to provide for the support of common schools pursuant to the authority granted by section 183 of the Constitution, which provides, "The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the State;" second, that the limitation contained in the latter part of section 157, prohibiting counties, cities, towns and taxing districts from incurring indebtedness, in any manner or for any purpose, to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election held for that purpose, has no application to indebtedness incurred for the erection and equipment of common school buildings; third, that "taxing districts and other municipalities" (section 157) do not include common school districts.

It seems to us, after a careful consideration of all the provisions of the Constitution bearing upon this question, that the words "for other than school purposes" refer solely to the rate at which taxes may be levied for common school purposes. The Constitution leaves to the Legislature the power to fix the rate at which taxes may be levied for common school purposes by cities, towns, counties, taxing districts, and other municipalities, but withholds from

[ 14 ]

it the power to authorize indebtedness, incurred "in any manner or for any purpose, to an amount not exceeding, in any year, the income and revenue provided for that year, without the assent of two-thirds of the voters thereof," and expressly provides that any indebtedness contracted in excess thereof shall be void, and that such contracts shall not be enforceable by the person with whom made, nor ever thereafter assumed by such municipality. This limitation applies to every form of municipal indebtedness, including that created for the benefit of common schools. By section 4463 of the Kentucky Statutes, the Legislature has fixed the limit of such tax rate for common schools at not exceeding 25 cents in any one year on every $100 worth of taxable property in the district, and $1 on each white male citizen 21 years of age and over. In the case of The City Council of Richmond v. Powell, 16 Ky., L. R., 174, [27 S. W., 1], the same contention was made as in this case as to the meaning of the words "for other than school purposes;" and, in the opinion rendered, this court said: "If this construction is given the Constitution, then we find unlimited power in the Legislature on this subject; and the city council, when for school purposes, may be vested with the power to impose any burden, by way of taxation or indebtedness, that, in its discretion, may be deemed necessary for maintaining schools, and erecting buildings for that purpose. While it is made the duty of the board of education and the council to provide suitable school buildings, they must regard the constitutional limit placed upon their action in creating a municipal indebtedness for that purpose; and the section of the Constitution quoted in express terms prohibits the creation of a municipal indebtedness, *'in any manner or for any purpose,* to an amount exceeding, in any year, the in-

Commonwealth v. L. & N. R. R. Co.

come and revenue provided for such year, without first obtaining the assent of two-thirds of the voters of the municipality.' The qualification *'other than for school purposes'* was inserted to leave that question to legislative control; but when the city council proposes, *'in any manner or for any purpose,'* to create an indebtedness exceeding the income or indebtedness for the year, the wish of the voters must be consulted, and their assent obtained, before the obligation is created. . . The very purpose of the Constitution would be disregarded, with such a construction, and heavy burdens placed upon the property within the municipalities, that caused much complaint prior to the adoption of the present Constitution; and to remove the mischief the section in question was adopted." As was further said in that case, "It is an indebtedness assumed, although payable in installments, that exceeds the income, and is prohibited in express terms by the Constitution." And after careful consideration of the able briefs of counsel for appellant, and an examination of all the authorities cited, this court adheres to the conclusions reached in that case. It follows that, as the indebtedness incurred by appellant exceeded the income and revenue provided for the district for the year in which it was created, it is in violation of the Constitution and void, and the trustees of the district were not authorized to levy a tax to pay it. Wherefore the judgment is affirmed.

[Judge Hobson not sitting. The whole court except Judge Hobson considered this case.]