CASE 104—ACTION FOR AN INJUNCTION—JUNE 20.

# Brown v. Board of Education of City of Newport.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

MUNICIPAL CORPORATIONS—POWER OF BOARD OF EDUCATION TO INCUR INDEBTEDNESS.

Held:   Under the Constitution, section 157, providing that "no county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted in any manner or for any purpose to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof," the board of education of a city of the second class, being a municipality, has no power to become indebted in excess of its income for the year in which the indebtedness is created.

SAMUEL C. BAILEY, ATTORNEY FOR APPELLANT.

1. The appellant is not questioning the right of appellee to fund a lawful debt by issuing bonds; he is attempting to prevent the appellee from becoming indebted in the year 1900 to an amount exceeding the income and revenue provided for that year, without the assent of two-thirds of the voters.   City Council v. Powell, 16 Ky. Law Rep., 174; Com. v. L. & N. R. R. Co., 20 Ky. Law Rep., 1127; Ky. Constitution, secs. 157-184, 183, 185, 162; Dillon on Corporations (4th ed.), sec. 22.

C. J. & W. W. HELM FOR APPELLEES.

1. The board of education of a city of the second class is not a municipality in the meaning of section 157 of the Kentucky Constitution.   Wood v. Board of Ed., 21 R., 941; Con., secs. 157, 158, 159.

2. It is suggested that the decisions of this court in the City Council v. Powell, 16 Rep., 174, and Com. v. L. & N. R. R. Co., 20 Rep., 1127, section 184 of the Constitution was overlooked.  Ky. Stats., secs. 3212 to 3235, inclusive; Wood v. Board of Education, 21 Rep., 941.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

This suit is brought to determine whether the board of education of a city of the second class has authority to become indebted in excess of its income for the year in which the indebtedness is created, and to issue bonds to fund such indebtedness without a submission of the question to a vote of the people. The law relating to the boards of education in cities of the second class is found in sections 3212-3235, Kentucky Statutes, and it is claimed on behalf of appellee that the Legislature granted to the board power to contract debts by the provisions of section 3212, constituting it a body politic and corporate, with power to contract and be contracted with, sue and be sued, and to purchase, receive, hold, lease, and dispose of real and personal property for public school purposes. Section 3219 provides that: "Said board shall annually, in the month of January, approximately ascertain the amount of money necessary to be used to defray the expenses of maintaining the schools, improving or constructing the buildings and so forth thereof, and any liquidation of the liabilities during the current fiscal year and report the same, . . . and thereupon the general council, shall, at the request of the said board, levy and collect such taxes as may be requested, and the money arising from said levy shall, under the direction and control of said board, be used for the benefit of the common schools, and for the purpose of paying off the indebtedness of said board." Section 3228 provides that indebtedness existing at the time the act took effect shall not be impaired, and that "said board may refund any debt by the issuance of bonds."

The last two sections recognize, it is claimed,— and, in our opinion, properly,—the power of the

board to incur debt. The question presented for decis. ion is whether section 157 of the Constitution forbids a board of education of a city of the second class to incur in any way an indebtedness exceeding its income or revenue for such year. That section provides: "No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contract- ed in violation of this section shall be void." It is earnestly insisted that a board of education is not a county, city, town, or taxing district, and is not, within the mean. ing of this section, a municipality. The first part of this section provides that "the tax rate of cities, towns, counties, taxing districts, and other municipalities, for other than school purposes, shall not exceed the following rates upon the value of the taxable property therein." After this limitation upon the annual income of such municipalities comes the prohibition above quoted against incurring debt in excess of income without the consent of two-thirds of the voters. By section 159 it is provided that "whenever any county, city, town, taxing district or other mu. nicipality is authorized to contract an indebtedness, it shall be required, at the same time, to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness and to create a sinking fund for the payment of the principal thereof within not more than forty years from the time of contracting the same." It is urged that the indebtedness here spoken of is the same referred to in section 157, authority to contract which is

a two-thirds vote of the people; that this section (159) is to
be read together with section 157, and therefore, as a
board of education can not levy or collect any taxes,—
the city doing that on request of the board,—the board
can not be included by the word "municipality" as here
used.

Appellee maintains that the three sections 157, 158,
and 159 establish a purpose to forbid indebtedness the pay-
ment of which can be enforced upon the assessable prop-
erty within the taxing district incurring it; that the dan-
ger provided against was that of permitting a tax district
to recklessly create indebtedness in one year which could
be enforced by taxation in subsequent years, and that this
danger does not exist in the case of boards of education
of cities of the second class, for the reason that the city
can not be required to levy the tax, as the creditor assumes
the risk of the board of education being without means to
pay, and that there is no legal obligation on the city to
provide the income with which to pay such indebtedness.
It may well be doubted whether bonds such as those pro-
vided for in this case could be sold were the prospective
purchasers brought face to face with such a construction of
the law. If the indebtedness can be created, we think
there can be little doubt that it is made the duty of the
board to request the imposition of the necessary tax to
pay it, and equally the duty of the city authorities to
levy and collect such tax, and that the performance of these
duties can be compelled by legal process.

The contention is, in effect, that one arm of the govern-
ment exercising delegated authority over a definite bound-
ary has the power to contract the indebtedness, and anoth-
er arm of the government exercising delegated author-
ity within the same limits is required to collect the tax

for the purpose of paying such indebtedness, and the con-
stitutional inhibition does not apply, though it would ap-
ply if the same arm of the government exercised both pow-
ers.   We see no reason for such a distinction.   All of the
argument as to the policy in view in the framing and adopt-
ing of these provisions of the Constitution which were
convincing to the court in deciding the cases of City Council
v. Powell (Ky.) 27 S. W., 1, and Com. v. Louisville & N.
R. Co. (Ky.) 48 S. W., 1092, are equally convincing as to
the policy of the law in the present case.   There is no
danger in the one case which does not exist equally in the
other.   The question is whether such a body as the one
now under consideration is properly included under lan-
guage held to include the trustee of a common-school
district.

A distinction is made by the text writers between
municipal corporations and  public corporations.   Says
Judge Dillon in his work on Municipal Corporations:  "All
corporations intended as agencies in the administration of
civil government are public, as distinguished from private
corporations.   Thus, an incorporated school district or
county, as well as a city, is a public corporation; but the
school district or county is not, while the city is, a munic-
ipal corporation.  .  .  .   The phrase 'municipal corpora-
tions,' in the contemplation of this treatise, has reference
to. incorporated villages, towns, and cities."   This distinc-
tion does not seem to be recognized in the present Consti-
tution of this Commonwealth.   The three sections under
consideration seem to use the word "municipality" as cov-
ering not merely incorporated villages, towns, and cities,
but counties and taxing districts, as has been held in the
cases last referred to.   There would seem to be no reason
why the constitutional provision should not be applied to

a case like the one under consideration, where, for con-
venience, and for motives of public policy not necessary
now to be considered, the power to contract the indebt-
edness is lodged in one agency in the administration of the
civil government and the power to provide the means for
meeting such obligation is lodged in another. It is urged
that if the word "raised," in section 184, providing that
"no sum shall be raised or collected for education other
than in common schools, until the question of taxation is
submitted to the legal voters, and a majority of the votes
cast at said election shall be in favor of such taxation,"
is to be given its common meaning or "borrowed," then
it would require only a "majority" vote to incur a debt
for higher education and a "two-thirds" vote to incur a
debt for common school education. We think the text
of the section shows clearly that the intention was to pro-
hibit the collection of any taxes to any extent for educa-
tional purposes other than common schools, without the
consent of a majority of the people. The section is a re-
striction upon legislative power, not upon municipal in-
debtedness.

But it is insisted that in the case of Woods
v. Board (Ky.) 53 S. W., 517, this court has decided that
a board of education of a city of the second class is not
a municipality within the meaning of section 157 of the
Constitution. It was not the intention of the court nor of
the writer of the opinion to so decide. There was but one
question presented, argued, or decided in that case, and
that was whether an indebtedness contracted after the
adoption of the act for the government of cities of the
second class could be refunded. It was agreed that the
question to be determined was whether "the board of ed-
ucation has the power to refund, by the issuance of bonds,

a certain debt of $8,400, contracted August 31, 1896," and the court there said that "no reason can be perceived why the remedial purposes of the statute should not include debts thereafter lawfully created, as by the agreed case the debt in question seems conceded to be." The question expressly and explicitly presented to us was whether the board could refund a debt contracted after the act was enacted. We decided that single questions thus presented to us, limiting the decision to the debts lawfully created, as the debt in question was conceded to be. For the reasons indicated, the judgment is reversed, and the cause remanded, with directions to grant the prayer of appellant's petition.