CASE 11—ACTION TO RECOVER BALANCE ALLEGED TO BE DUE FOR THE BUILDING OF A SCHOOLHOUSE—MAY 30.

# Grady v. Pruit, &c.

APPEAL FROM M'LEAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

SCHOOLS AND SCHOOL DISTRICTS—CONTRACT BY SCHOOL TRUSTEES— PERSONAL LIABILITY OF TRUSTEES—CREATION OF INDEBTEDNESS IN EXCESS OF CONSTITUTIONAL LIMIT.

Held:  1. A contract naming as "parties of the second part" the "board of trustees" of a school district, is the contract of the school district, and not the personal obligation of the trustees.

2. Under Constitution, section 157, providing that "no county, city, town, taxing district, or other municipality" shall be authorized to become indebted "to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof," a debt created by a school district for the building of a school house, which requires for its payment the levy of a tax for four years, is void, if not authorized by the required vote; and the levy of a tax for four years to pay the debt is void, at least as to three years, without the assent of the voters of the district at an election held for that purpose.

3. A contract creating such a debt, being void, can not be enforced, either directly or indirectly, and the debt can not be voluntarily assumed or ratified by the district.

4. The contractor can not remove the house, or any part thereof, only about one-fourth the contract price remaining unpaid.

BURKHEAD & CLEMENTS, FOR APPELLANTS. (J. H. MILLER OF COUNSEL.)

This suit was brought to recover a balance of $604, due for building a schoolhouse. The case was decided on demurrer to plaintiff's petition in the lower court and plaintiff has appealed.

The single question of law, we think, to be decided is whether or not the contract sued on imports the personal liability of the appellees. The language of the contract is: "The parties of the second part do hereby for the said party of the first part covenant, agree and promise to and with the said party of first part, that J. B. Young, J. D. Pruit and A. D.

Riggs, parties of the second part, will and shall in considera-
tion of the covenants and agreements being strictly executed,
kept and performed by the party of first part as specified, will
and truly pay, or cause to be paid, to the party of the first part,
in lawful money of the United States, the sum of $2,173, pay-
able when the building is completed, and the balance in six
months."

The promise to pay the money is made by the appellees, Young,
Pruit and Riggs, and there is no promise or undertaking on
the part of any one else, or the school district, to pay anything.
The appellees signed the contract without affixing any title to
their signature, or without representing themselves to be the
agent or trustees of any school district; and we claim they are
personally liable for the balance due on this contract, $600, and
$4 for extra work.

### AUTHORITIES CITED.

7 Bush, 372; Carson v. Lucas, 13 B. Mon., 213; 1 B. Mon.,
201; McBean v. Morrison, 1 Mar., 545; Calla v. Offutt, 3 Mar.,
258; Daviess v. Mead, 2 Bush, 397; Bank of Ky. v. Sanders,
3 Mar., 84; Murray, &c., v. Carothers, &c., 1 Metc. 71; Whitney
v. Suddeth, 4 Metc., 296; Park v. White, 78 Ky., 243; 13 Ky.
Law Rep. 639; Moffett v. Hampton, 17 Ky. Law Rep., 534.

WM. B. NOE, ATTORNEY FOR APPELLEES.

1. We contend that this appeal should be dismissed because
no motion for a new trial was made in the court below, and be-
cause the court was not asked to and did not make a separation
of its finding of law and facts.

2. The plaintiff sues the defendants as individuals on a contract
which they executed in their corporate capacity as the trustees
of common white school district No. 12 in McLean county and
seeks to make them individually responsible. This can not be
done. The contract itself shows that it was the contract of the
body corporate. It denominates the said corporation as the
party of the second part, and the signatures to the instrument
state that it was signed by them as parties of the second part.

Appellant contends that because the proposition to incur the
indebtedness was not first submitted to the voters of the dis-
trict, the contract did not bind the district, and therefore the
trustees as agents of the district bound themselves individually.

The trustees are not *agents* of the district. All the powers
they possess are derived from the Kentucky Statutes. They are
creatures of the statute which makes them a body politic and
corporate; so in making a contract they do not act as agents
for any one, but the contract is the contract of the corporation.

Grady v. Pruit, &c.

AUTHORITIES CITED.

Ky. Stats., sec. 4437; Ky. Con., sec. 157; Com. v. L. & N. R. R. Co., 20 Ky. Law Rep., 1127.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

Appellant brought this action against appellees Pruit, Young, and Riggs, seeking to recover of them $604, being the balance due appellant for the construction of a school house in Calhoun, Ky., white common-school district No. 12. His petition sets out in full the contract under which the house was built, and alleges full performance on his part, and the payment by appellees of $2,173, and a balance due of $604. The petition seeks to hold appellees personally liable. The court below sustained a demurrer to the petition, and, after amendment, sustained a demurrer to the petition as amended. Appellant then tendered an amended petition, which is made part of the record, but the court refused to permit it to be filed. The last amendment which was tendered, but refused, attempts to state a cause of action against the school district by alleging that the contract was made for the district, and the school house built for the district, which was receiving the benefit thereof by having the schools taught therein; and also alleged that the district trustees, appellees, had made an order levying a tax of one dollar poll, and twenty-five cents on the $100 ad valorem for four years beginning in April, 1898, and had collected only one year; the revenue for the year not being stated, nor is the number of polls nor taxable property given. Upon the refusal of the court to permit the second amendment to be filed, the appellant failed to plead further, and his petition was dismissed; hence this appeal.

The theory of the original and first amendment is that

the contract is the personal obligation of appellees. The court below held otherwise. In this conclusion we are of opinion there was no error.     The contract at the outset reads: "Articles of agreement made and entered into this 9th day of July, 1898, by and between J. N. Grady, of Owensboro, county of Daviess, State of Kentucky, as party of the first part, and J. B. Young, A. D. Riggs, and J. D. Pruit, board of trustees of white school district No. 12, McLean county, and State of Kentucky, as the parties of the second part." This contract is that of the school district, and not that of the three trustees.   By section 4437, it is provided that the trustees "shall be a body politic and corporate, with perpetual succession by the name of the trustees for their common school district." This contract was made in the corporate name. Further than this, it appears from the contract itself, as well as from the petition herein, that appellant knew he was to build the house for the school district, and not for appellees individually.   There is no pretense that it was ever contemplated that appellees would bind themselves personally to pay for the school building for the district. This case materially differs from the case of Burbank v. Posey's Adm'r, 7 Bush, 372, Trask v. Roberts, 1 B. Mon., 201, and authorities there cited, as there the only intimation of a corporate capacity was in the signature, signed by a person styling himself as an officer of some company. In the 1 B. Mon. case, 201, the note was the joint and several obligation, as expressed on its face, which could not be true if it was that of a corporate body.   It is clear that there was no expectation or intention to bind appellees individually for the payment, and there was, therefore, no error in sustaining the demurrer.   In the amendment refused by the court it is stated that the

trustees levied, or, rather, attempted to levy, a tax for four years, to be used in building the school house. There is no allegation of a vote being taken to authorize such levy, and, if such was done without the assent of the voters of the district at an election held, it was void, at least as to three years. The petition alleges that one year's taxes had already been collected, and this exhausted all power of the trustees to levy a tax without a vote. Com. v. Railway 105 Ky., 206 (20 R., 1127) (48 S. W., 1092). Appellant therefore had no right to have mandamus to compel the trustees to attempt an illegal act,—to collect a void tax levy. Likewise appellant had no right to remove the house, or any part thereof, or a sale to pay his debt. If it was necessary, to pay appellant's debt, to levy a tax for four years, the debt was greater than the revenues for one year, and was void, under section 157 of the Constitution, without the vote, which is not alleged to have been had. The contract, being void under section 157 of the Constitution, could not be enforced directly or indirectly; nor could the district voluntarily assume or ratify same, and so could not be compelled to pay same. This is an extreme hardship on appellant, but it is a constitutional provision that can not be disregarded. There is no allegation that the district had funds on hand from the taxes collected the one year. The real facts appear by the petition that he was paid $2,173 that year, and it would be presumed against him that that was all they had, as the contract provides the balance, $600, should be paid in six months. However much we desire to give appellant relief, we can not do so, having due regard to the law. There appears no error in the judgment, and the same is affirmed.