CARL BARTELSON, Respondent, v. INTERNATIONAL SCHOOL DISTRICT NO. 5, PORTAL TOWNSHIP, Appellant.

(174 N. W. 78.)

**Schools and school districts — debt contracted in excess of constitutional debt limit — where debt is *ultra vires* and exceeds constitutional debt limit equity will not aid in recovery.**

1. Where one seeks to recover for benefits received by a school district the amount due and unpaid in excess of the constitutional debt limit pursuant to a contract of construction, *ultra vires* as to such excess, and where neither the property representing such excess can be segregated or returned without destruction or damage to the property of the municipality, nor can a burden of indebtedness therefor be imposed upon such municipality without exceeding the constitutional debt limit imposed, equity will not afford relief.

**Municipal corporations — schools and school districts — school district not a trustee for the amount in excess of legal limit — where part in excess of contract cannot be segregated no recovery can be had.**

2. In an action where it is sought to recover the amount due a contractor for the construction of a school building, in excess of the constitutional debt limit, by requiring the school district to return the property received or be declared a trustee for the use or rental value thereof, and where it appears that the building cannot be returned or any part thereof segregated without destruction or loss of property of the municipality, and that no burden can be imposed upon the municipality without exceeding the debt limit, it is *held* that no recovery can be had.

Opinion filed July 18, 1919.  Rehearing denied September 8, 1919.

Action to recover in equity moneys due and unpaid in the construction of a school building in excess of the constitutional debt limit.

From a judgment in favor of the plaintiff in District Court, Burke County, *Leighton,* J., defendant has appealed.

Reversed and action ordered dismissed.

*C. H. Marshall (John C. Lowe,* of counsel), for appellant.

The claim of plaintiff as to the amount of $4,295.90 being in excess of the constitutional debt limit, is *void,* and the plaintiff cannot recover.  N. D. Const. § 183; N. D. Comp. Laws, § 2218.

One who makes an agreement with another in contravention of an express statute or constitutional provision is a *particeps criminis;* and one who contracts with another in violation of the debt limit provision of the Constitution is a *particeps criminis.* It is fundamental law that *particeps criminis* cannot come into court with clean hands. Litchfield v. Ballou, 114 U. S. 190, 29 L. ed. 132.

A contract or indebtedness in excess of the debt limit is void, and beyond the aid of a court of equity. McQuillin, Mun. Corp. § 2239.

"Where the contract is executed and the money paid *in pari delicto,* this rule certainly holds, and the party who has paid it cannot recover it back." Browning v. Morris, 2 Cow. 791; Holman v. Johnson, 1 Cow. 342; Martin v. Hodge, 58 Am. Rep. 763; Nellis v. Clark, 4 Hill, 424; Merienthal v. Shafer, 6 Iowa, 226; Smith v. Bean, 15 N. H. 577; 10 R. C. L. 353, 389.

"Whoever deals with a municipality does so with notice of the limitation of its powers, and with notice, also, that he can receive compensation for his labor and materials only from the revenues and incomes previously provided for the fiscal year during which his labor and materials are furnished." San Francisco Gas Co. v. Brickwedel, 62 Cal. 641; Helena Waterworks Co. v. Helena, 81 Am. St. Rep. 453; Black v. Detroit, 78 N. W. 660; 28 Cyc. 649.

"One contracting with a municipality does so at his peril, so far as the chance of being unable to recover where the debt limit has been exceeded." McQuillin, Mun. Corp. § 2239; Gamewell Fire Alarm Co. v. Laporte, 102 Fed. 417.

"The purpose of the constitutional prohibition is to serve as a limit to taxation, and as a protection to taxpayers; to effectually protect persons residing in municipalities from the abuse of their credit and the consequent operation of burdensome if not ruinous taxation." McQuillin, Mun. Corp. 87 Ill. 396; Balch v. Beach, 95 N. W. 132; Anderson v. School Dist. 32 N. D. 413; Engstad v. Dinnie, 8 N. D. 1.

The plaintiff is not only *not entitled* to enforce payment of his claim, but on the contrary, if the officers of the defendant school district had voluntarily paid his claim, an action would lie to recover it back. Chaska v. Hedman, 55 N. W. 737; 28 Cyc. 1561.

*Fisk & Murphy,* for respondent.

No person, not even a municipal corporation, shall be permitted un-

justly to enrich itself at the loss of another.   Thompson v. Elton (Wis.) 85 N. W. 425; McGillivan v. Joint School Dist. 112 Wis. 354, 88 Am. St. Rep. 969, 88 N. W. 310; Lefebre v. Board, 81 Wis. 66, 51 N. W. 952; Bordwell v. Southern E. & B. Works (Ky.) 20 L.R.A.(N.S.) 110, 113 S. W. 97; Salt Lake City v. Hollister, 118 U. S. 256, 30 L. ed. 176; State v. Dickerman (Mont.) 40 Pac. 698; Livingston v. School Dist. (S. D.) 76 N. W. 301; Allen v. Lafayette (Ala.) 9 L.R.A. 497; Chapman v. Douglas Co. 107 U. S. 348, 27 L. ed. 378; Read v. Plattsmouth, 107 U. S. 568, 27 L. ed. 414; Parkersbury v. Brown, 106 U. S. 432, 27 L. ed. 238; Central T. Co. v. Pullman Parlor Car Co. 139 U. S. 24, 35 L. ed. 238; Snoffer v. City, 161 Iowa, 223, 142 N. W. 97, L.R.A.1915B, 173 (Bridge Case); Turner v. Cruzen, 70 Iowa, 202, 30 N. W. 483.   See also notes in 4 Columbia L. Rev. 67, and 17 Harvard L. Rev. 343; Paul v. Kenosha, 22 Wis. 266; Lefebre v. Board, 81 Wis. 660, 51 N. W. 952; Salt Lake City v. Hollister, 118 U. S. 256, 30 L. ed. 176; Pimental v. San Francisco, 21 Cal. 362; Louisiana v. Wood, 102 U. S. 294, 26 L. ed. 153; Read v. Plattsmouth, 107 U. S. 568, 27 L. ed. 414; Allen v. Lafayette (Ala.) 9 L.R.A. 497; Scofield v. Council Bluffs, 68 Iowa, 695, 28 N. W. 20.

BRONSON, J.   This is an action to recover the amount due a contractor for the construction of a high school building in a school district in Burke county, North Dakota.   The facts are stipulated.   In May, 1913, pursuant to an election theretofore held so authorizing, the board of education made a contract with the plaintiff to erect a high school building for the contract price of $24,000.   Accordingly, the building was constructed and its value, as stipulated since completion, is $30,-000.   The plaintiff has received $19,769.10.   There is a balance due and unpaid of $4,295.90, with interest.   In 1914 an action to enjoin the school district, its officers, and the plaintiff herein, was instituted by a resident taxpayer of the district to enjoin further issuance or reception of warrants in payment of outstanding warrants for the contracts of constructing such building.   In that case (Anderson v. International School Dist. 32 N. D. 413, L.R.A.1917E, 428, 156 N. W. 54, Ann. Cas. 1918A, 506), this court in November, 1915, held that the contract created a present debt against the district, greatly in excess of the constitutional debt limit, and that to the extent of such excess, the

contracts were void, and enjoined further payments thereupon. This action, accordingly, has been instituted not to enforce the contract, but upon the equitable doctrine that no person, not even a school district, shall be permitted unjustly to enrich itself at the loss of another. It is stipulated in this record that the school district is and was indebted, at the time of the commencement of this action, for an amount equal to 5 per cent of the assessed valuation of the taxed property of such district, and that the plaintiff herein has no remedy excepting such as the court in equity may grant to him. The theory of plaintiff's action therefore is to disaffirm the contract and to place the parties *in statu quo* by requiring the school district to restore the property which it has received without cost, or be declared a trustee for the use of it and liable for the reasonable rent or the value of the use of the same, or for its return. The trial court, upon findings made, determined that the plaintiff was entitled to be reimbursed for the unpaid balance due him, and that it was impractical to restore to the plaintiff the material and labor furnished. That therefore the school district should remunerate the plaintiff for the value thereof. Accordingly, in July, 1918, judgment was rendered for the plaintiff for $5,528.82, from which this appeal has been taken. The sole question involved, therefore, is the right of the plaintiff in equity, upon the facts to obtain relief for the amount unpaid and due him in the construction of such high school building.

The respondent frankly concedes that the consideration is involved whether, under the facts, any form of relief may properly be awarded to him. He further concedes a different rule to apply to municipal corporations in seeking to enforce restitution for benefits received under contracts than that which applies to natural persons or private corporations. He further asserts that where restitution will impose no additional burden upon the taxpayers it may be enforced according to the ordinary principles of quasi contracts.

Equity properly recognizes that a municipal corporation should not be permitted to take the property of another, and receive the benefits thereof, and thus be enriched through the loss of another, without compensation.

On the other hand, constitutional limitations upon the creation of indebtedness of municipalities are mandatory restrictions, enacted for the purpose of curbing the taxing power and of restraining excessive

expenditures that entail tax burdens. It is well settled that those who deal with municipalities are bound to take notice and be bound by these constitutional restrictions. Accordingly, it must be recognized that, in applying equitable relief in the present form of action, equity must not accomplish by indirection what the law has prescribed must not be done directly.

In accordance with the stipulated facts it is impossible to restore to the plaintiff the building erected without destroying property of the municipality. It is likewise impractical to segregate or detach that portion of the building which represents the excess moneys therein owing to the plaintiff. It is likewise clear that the imposition of a judgment to pay such amount, or the requirement that a rental be paid for that portion of the building represented by plaintiff's moneys unpaid, would impose a burden upon the school district in excess of the constitutional restrictions. It is stipulated that the school district has been compelled to and does levy, the maximum rate prescribed by law in order to maintain its schools. Although, in equity recovery may be permitted in such cases, where no additional burden is thereby placed upon the municipality in excess of the constitutional debt limit, or where the property itself can be identified, segregated, and restored to the parties without injuring the municipality or its property by so doing, nevertheless, in upholding the constitutional restrictions absolutely imposed, relief upon equity principles cannot be granted where this cannot be accomplished. Litchfield v. Ballou, 114 U. S. 190, 29 L. ed. 132, 5 Sup. Ct. Rep. 820; Grady v. Pruit, 111 Ky. 100, 63 S. W. 283; Grady v. Landram, 23 Ky. L. Rep. 506, 63 S. W. 284; McGillivray v. Joint School Dist. 112 Wis. 354, 58 L.R.A. 100, 88 Am. St. Rep. 969, 88 N. W. 310. See Goose River Bank v. Willow Lake School Twp. 1 N. D. 26, 26 Am. St. Rep. 605, 44 N. W. 1002; Engstad v. Dinnie, 8 N. D. 1, 12, 76 N. W. 292.

It therefore follows that the trial court erred in entering judgment for the plaintiff. The judgment is reversed, with directions to enter judgment for the defendant, dismissing the action. The appellant will recover costs of this appeal.

GRACE, J. I concur in the result.

ROBINSON, J. (dissenting). No opinion of the court should ever be written with the appearance of cynical indifference to the cause of right and justice. If we must sustain plunder and theft it should be done with tears of regret. Hence, from the majority opinion I do most strenuously dissent, and hope that on a proper petition for rehearing a better opinion may prevail.

The case presents an appeal by Portal City School District from a judgment against it for $5,000, the balance due on a just and honest contract for the erection of a schoolhouse. In 1913 the schoolhouse was erected and accepted by the district, and though the contract price was $24,000 it appears and is conceded that the schoolhouse is worth $30,000. It is just the building that the city needed and demanded. The defense is on the constitutional provision which limits the debt of a school district to 5 per cent of the assessed valuation of its taxable property. § 183. The purpose of the Constitution was to fix the debt limit at 5 per cent of the true and full value of all taxable property, because under the Constitution and the law it is provided that all property must be assessed at its true and full value. But in the year 1913 there was no such assessment in the city of Portal, nor in Burke county, nor in any other county of the state. All the taxable property was assessed at about 20 per cent of its true and full value. Hence, by sticking to the letter of the Constitution and disregarding its spirit and purpose the court does hold, in effect, that by assessing property at 20 per cent of its true value the debt limit was reduced to 1 per cent of the real value, that under such assessment the debt limit did not permit a contract to pay for a schoolhouse any sum in excess of $19,000. Such was the decision of the court in a suit against the district by one Anderson. 32 N. D. 413, L.R.A.1917E, 428, 156 N. W. 54, Ann. Cas. 1918A, 506. The decision was grossly erroneous and inequitable and unjust. The cause of it was that both the court and counsel wholly overlooked two cardinal points: (1) That a court of equity should never exercise its equitable jurisdiction or grant an injunction for the purpose of doing wrong and iniquity; (2) that, in truth, the contract to pay $24,000 did not exceed the debt limit. It did not exceed 2 per cent on the real value of the taxable property of the district. In the Anderson suit both the court and counsel overlooked the patent fact that the property had been assessed at only a small part of its full and true

value, and that the real purpose of the Constitution was to limit the debt of a school district to 5 per cent of the true and full value of its taxable property. The Constitution is not a mockery, and it did not anticipate a mock assessment.

In this case, under a proper complaint, it should have been proven, if not conceded, that in 1913 the total of all debts contracted by Portal City School District did not exceed 1 or 2 per cent of the true and full value of its taxable property, or the court should have taken notice of that fact though it is not alleged in the complaint.

Portal City is a place of no small importance. It is on the Soo Railway and on the northern boundary line of Burke county and on the international boundary line. In 1913 it was incorporated with a population of 568. Its assessed valuation was $165,000. Its real valuation was over $600,000. In 1913 the average assessed valuation of land was as follows: In Burke county, per acre, $3.50; Cass county, $7.50; Grand Forks county, $6.50; Golden Valley county, $3.25; Ransom county, $5; Richland county, $6. In the cities and villages all property was assessed at no more than 20 per cent of its value. As the complaint does not show the character of the assessment and the true value of the property it is radically defective. But under the statute a pleading may be amended at any time before the trial, or during the trial, or on an appeal. A defective pleading does not justify any court in trampling on justice or in aiding or abetting a robbery. It is the business and the duty of this court to correct its own blunders and the blunders of counsel, and to vindicate the cause of justice. And it is time for the court to cease building error upon error by following erroneous and blundering decisions. It is time to teach the city of Portal that its children should not be educated in a $30,000 schoolhouse secured in whole or in part by legal theft. The city is old enough and rich enough to be honest and to give unto Cæsar that which is Cæsar's. The plaintiff is honestly and justly entitled to recover the balance due for the erection of the schoolhouse, and the judgment for the same should be affirmed. If not, then the case should be remanded, with directions to amend the pleadings and to submit evidence and findings on the true and full value of all the taxable property of the Portal City School District in the year 1913. And as the facts above stated are confessedly true, on such an amendment and such additional evidence

the judgment should of necessity be the same as that from which the appeal has been taken. Hence, there is no cause for reversing the judgment in order to go through the formal matter of reinstating it on correct pleadings and evidence.