**INTERNATIONAL BROTHERHOOD OF FIREMEN AND OILERS, LOCAL 320 et al., Appellants,**

v.

**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 4, 1965.

Rehearing Denied Oct. 8, 1965.

Louis Lusky, New York City, Grover G. Sales, S. Arnold Lynch, Sales & Lynch, Louisville, for appellants.

Lucian L. Johnson, Louisville, for appellee.

WILLIAMS, Judge.

Appellee Board of Education of Jefferson County, Kentucky, was granted a temporary injunction in the Jefferson Circuit Court against appellants, certain maintenance employees of the School Board, and their Union, the International Brotherhood of Firemen and Oilers, Local 320. The temporary injunction was later dissolved by this Court. However, by the time that was done, most of the employees who had been on strike had returned to work. As a consequence, any question involving the strike became moot. But, in the meantime, appellants filed a counterclaim and a cross-claim by which they sought to enjoin the appellee from refusing to hear grievances in the presence of the representatives of their choice, and to recover damages resulting because of the injunction. This appeal is prosecuted from the judgment of the Jefferson Circuit Court dismissing appellants' claims.

Briefly, the facts leading up to this appeal are as follows: The School Board paint crew was ordered to perform certain work assignments which were objectionable to them. The leader of the crew expressed their complaint to their immediate superior and requested an interview with him and the superintendent of maintenance. The latter two men decided the work assignments were reasonable and so advised the Superintendent of the Board of Education, Mr. Richard Van Hoose.

Mr. Van Hoose advised them to dissolve the paint crew unless they obeyed the instructions. The crew refused and they were discharged.

The next day the painters, along with two representatives of International Brotherhood of Firemen and Oilers, Local 320, went to Mr. Van Hoose's office seeking a conference. Mr. Van Hoose was at lunch. His assistant advised the men that he and Mr. Van Hoose would confer with the painters, but not in the presence of the two Union representatives. The painters were unwilling to discuss the matter without the Union men and left the office. They voted to strike the same day.

We do not have before us the basic question of the ultimate power of the School Board over its non-instructional employees. Nor does the principal point involve the broad question of whether a School Board must recognize a Union for collective bargaining purposes. The question has been narrowed down to a determination of whether the refusal of the School Board to hear grievances of its employees with third party representation is an arbitrary exercise of its power to run and manage the school system.

A school board is granted broad powers in the administration of the school system. KRS 160.290 provides in part:

"(1) * * * Each board shall exercise generally all powers in the administration of its public school system, appoint such officers, agents and employes as it deems necessary and proper, prescribe their duties, and fix their compensation and terms of office.

"(2) Each board shall make and adopt, and may amend or repeal, rules, regulations and bylaws for its meetings and proceedings for the government, regulation and management of the public schools and school property of the district, for the transaction of its business, and for the qualification and employment of teachers and the conduct of pupils. The rules, regulations, and bylaws heretofore made by any governing body of a school district, or hereafter made by a board of education, shall be consistent with the general school laws of the state and shall be binding on the board of education and parties dealing with it until amended or repealed by an affirmative vote of three members of the board. The rules, regulations and bylaws shall be spread on the minutes of the board and be open to the public."

Appellants argue that Kentucky Constitution, section 183, which provides "The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the State," is a self-executing prohibition against arbitrary action by a school board.

■ It has often been held that the government and conduct of a public school is committed to the discretion of the school board. The exercise of such discretion will not be interfered with unless it appears the board has acted arbitrarily or maliciously. Board of Education of Harrodsburg v. Bentley, Ky., 383 S.W.2d 677 (1964); Casey County Board of Education v. Luster, Ky., 282 S.W.2d 333 (1955).

■ The adoption of a grievance procedure is clearly within the authority granted a school board by KRS 160.290. Employees are entitled under the procedure to present their grievances themselves. No statutory provision or school board regulation requires or permits third party representation in the presentation of grievances. The relief sought by appellants is properly a legislative function. Consequently, it is our opinion the denial of third party representation in grievances before a school board is not arbitrary.

■ Appellants also seek a recovery of litigation expense and actual damages resulting from the temporary injunction. Where injunctive relief is the sole relief sought, and is not merely ancillary to some

other relief, attorneys' fees may not be recovered as damages in an action on an injunction bond. Grant County Board of Education v. Baston, Ky., 251 S.W.2d 880 (1952). Consequently, appellants may not recover the amount they have paid out in attorneys' fees.

 Furthermore, the School Board was not subject to any liability resulting from the injunction and restraining order because a bond was not required of the Commonwealth or a political subdivision. Appellants contend that a school board for the purpose of the bond provision was not a political subdivision, but our cases have held to the contrary. See City of Louisville v. Board of Education of Louisville, 302 Ky. 647, 195 S.W.2d 291 (1946); Board of Education of City of Corbin v. City of Corbin, 301 Ky. 686, 192 S.W.2d 951 (1946); Board of Education of City of Newport v. Scott, 189 Ky. 225, 224 S.W. 680 (1920); and Brown v. Board of Education of City of Newport, 108 Ky. 783, 57 S.W. 612 (1900). Also, the Legislature has included school boards in its definition of political subdivisions for purposes of the Public Employes Social Security Act. KRS 61.420(5). It seems apparent to us the school board should be considered a political subdivision for the purposes of the bond exemption.

 Appellants argue then, if the School Board be considered a political subdivision and exempted from bond, CR 81A, obligating municipal corporations and political subdivisions as if bond has been posted, applies in this proceeding despite the fact the injunction was dissolved more than a year before the effective date of CR 81A. This argument is based upon a retroactive effect of CR 81A to proceedings in pending actions. See CR 86. CR 81A does govern further proceedings in actions pending at its effective date, except to the extent that, "in the opinion of a proper court," the effect of its application would not be feasible or would work injustice. Here the circuit court found that retroactive application of CR 81A would work injustice.

 The temporary injunction question had been decided in favor of appellants and they were prosecuting their counterclaim and cross-claim at the time of the effective date of CR 81A. The injunction was not a further proceeding within the meaning of CR 81A, even though attorneys' fees had not yet been computed.

Appellants' claim for general damages ($5,000 to the Union and $2,000 to each other appellant) is speculative, assuming the original injunction was improper. Moreover, the School Board was exempted from liability for the injunction as has heretofore been stated, and, consequently, would not be liable for actual damages during the period of the injunction

The judgment is affirmed.