Herschel G. EARLE et al., Appellants,

v.

The HARRISON COUNTY BOARD OF EDUCATION et al., Appellees.

Court of Appeals of Kentucky.

June 24, 1966.

John Lane Ackman, Williamstown, for appellants.

Lloyd E. Rogers, Cynthiana, for appellees.

MONTGOMERY, Judge.

The appellants, Herschel G. Earle et al., as citizens and taxpaying voters of Harrison County, appeal from a judgment in favor of the Harrison County Board of Education upholding the validity of the Board's order closing the Berry Elementary School. In essence, the question presented on appeal is whether a county board of education is bound by the announced program for which a building fund tax levy election is held. The levy was voted.

The court's findings of fact and conclusions of the law best state the case and are as follows:

"FINDINGS OF FACT

"1. In a joint meeting of the City of Cynthiana Board of Education and The

Harrison County Board of Education held January 25, 1962, it was voted to merge the two school systems upon the following condition which effected (sic) the Berry Elementary School:

'1. That the merger become effective January 26, 1962.

2. That immediate steps be taken by the two boards to have a referendum on the special voted building fund tax before June 30, 1962 in order that tax can be levied during the 1962–63 fiscal year, in accordance with provision of KRS 160.477.

3. That this tax to be voted for the purpose of constructing the following schools as soon as possible; East Side Elementary School, West Side Elementary School, Junior High School, and the enlargement of the present Harrison County High School and the modernization of Berry School, as outlined by the State Department of Education.'

"2. Subsequent to the meeting of January 25, 1962, as outlined above, the State Department of Education submitted to the Harrison County Board of Education a document entitled 'Supplement to School Facilities Survey Harrison County May 9, 1962', with the following being the first paragraph:

'With the Facilities Survey of May 1961, serving as the basis, a merger of Harrison County and Cynthiana School districts was consummated. As a condition of merger it was agreed that Berry Elementary School, grades 1–6, continue as a center so long as an adequate number of children were in average daily attendance. The agreement on the Berry School was a deviation from the original survey.'

"3. On the primary election day May 29, 1962, the following appeared on the ballot in Harrison County:

'SPECIAL SCHOOL TAX QUESTION

Are you for or against having an annual special school building tax rate of a maximum of fifty cents (50¢) on each One Hundred ($100) Dollars of property subject to local taxation located within the Harrison County School District levied for the purpose of providing for the purchase or lease of school sites and buildings, for the erection and complete equipping of new school buildings, for the major alteration, enlargement and complete equipping of existing buildings, for the purpose of retiring, directly or through rental payments, school revenue bonds issued for such school improvements and for the purpose of financing any program for the acquisition, improvement or building of schools and to accomplish any or all of said purposes?'

"4. At the beginning of the school year 1964–65 and at the time of this hearing there were six teachers employed at the Berry Elementary School.

"5. The number of pupils in average daily attendance in the Berry Elementary School for the month of September, 1964, was 93.35.

"6. Under KRS 157.360(2) it is necessary, even in an emergency, to have as many as 25 pupils in average daily attendance for each classroom unit in order to qualify for state aid under the Foundation Program of the Commonwealth of Kentucky.

"7. To operate grades one through six at the Berry Elementary School would require an emergency enrollment of 25 pupils per teacher, or classroom unit.

"8. On September 18, 1964, the Harrison County Board of Education in a meeting properly called and by a vote of 4 to 2

closed the Berry Elementary School at Berry, Kentucky, with the idea of distributing the pupils therein among the newly constructed Elementary Schools in Harrison County.

## "CONCLUSIONS OF LAW

"The Court concludes as a matter of law, the Berry Elementary School's average daily attendance having dropped below the emergency requirement outlined in KRS 157.360(2), that the defendants acting as members of the Harrison County Board of Education and through its duly selected Superintendent of Schools who is a defendant herein, had the full and complete right and authority in the exercise of their discretion to close the Berry Elementary School in that they did not act in an arbitrary or capricious manner in so doing."

■ The court's conclusions of law and judgment are supported by KRS 160.-160 and 160.290, defining the corporate powers of the board and the board's general powers and duties. The conduct of a public school system is committed to the discretion of the school board. International Bro. of Fire. and Oil. v. Board of Ed., Ky., 393 S.W.2d 793. The administrative control of the board exercised under KRS 160.290 must be consistent with the rules and regulations of the State Board of Education. Gearhart v. Kentucky State Board of Education, Ky., 355 S.W.2d 667. In the exercise of its discretion the local board must not act arbitrarily. Board of Education of Harrodsburg v. Bentley, Ky., 383 S.W.2d 677. See also Board of Education of Louisville v. Society of Alumni of L.M.H.S., Ky., 239 S.W.2d 931. In discontinuing a school the board must act in good faith upon a sound, just, and reasonable basis and must have due regard for public interest and the consequences of its action upon the children affected. Wells v. Board of Education of Mercer County, Ky., 289 S.W.2d 492. In a somewhat similar situation, in Ewing v. Peak, Ky., 266 S.W.2d 300, a result similar to the one reached here was upheld.

■ As was pointed out in the findings of fact, the correctness of which is not questioned, the student population of the Berry School fell below the minimum required under the Minimum Foundation Program. Such circumstance afforded a reasonable basis for the action of the appellees. The loss of a school in a small community is great. Oftentimes it is the sustaining center of the community, but in considering the overall good of a county school system it may not be feasible to maintain such a school as Berry despite the loss to the community.

It is argued that votes were cast in favor of the building fund tax because of the publicized purposes, including renovation of the Berry School. The question submitted to the voters contained no reference to the Berry School.

Appellants urge that they have been betrayed and defrauded. This is an understandable reaction in view of the loss to their community. However, it is difficult to believe that the appellees intended the proposed renovation of the Berry School as a "campaign promise" and we are not prepared to assume the position of enforcing such "promises." The circumstances indicate that the appellees acted in good faith and for good reason.

There is no merit in the argument that Kentucky Constitution Section 180 has been violated. No showing has been made that any money raised by the special tax levy has been diverted from the purposes stated in the question submitted to the voters for their approval.

Judgment affirmed.